SIGNED THIS: October 31, 2017

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 17-70869 |
| SCHENTEL MAIERS, ) | |
| ) | Chapter 7 |
| Debtor. ) | |

# O P I N I O N

Before the Court is a Joint Stipulation filed by Hickory Point Bank & Trust and the Debtor evidencing their apparent agreement to except a debt from discharge. The parties also submitted an agreed order, which, if signed, would have this Court find that the Debtor's debt to Hickory Point Bank & Trust is nondischargeable. Because there is no pending adversary proceeding that would properly bring the Joint Stipulation before the Court, the Joint Stipulation will not be approved, and the parties' proposed order will not be signed.

## I. Factual and Procedural Background

Schentel Maiers ("Debtor") filed her voluntary Chapter 7 petition on May 25, 2017. In her bankruptcy schedules, the Debtor listed Hickory Point Bank & Trust ("Hickory Point Bank") as the holder of a claim secured by a 2013 Chevrolet Equinox. The deadline for filing a complaint to determine the dischargeability of a debt was originally set for August 25, 2017. On that day, Hickory Point Bank filed a motion to extend the time for filing a complaint to determine the dischargeability of a debt. The motion was granted and Hickory Point Bank was given until September 15, 2017, to file a complaint. Hickory Point Bank has not, however, filed a complaint to except the debt owed to it by the Debtor from the Debtor's discharge.

On September 12, 2017, Hickory Point Bank filed the Joint Stipulation, signed only by the attorneys for Hickory Point Bank and the Debtor, which stated that the parties had entered into an agreement to except the debt related to the Chevrolet Equinox from the Debtor's discharge. A draft agreed order was included with the Joint Stipulation. The same day, the Court entered an order giving the parties time to submit authority for the proposition that a judgment order of nondischargeability may be entered without the filing of an adversary proceeding or that they could agree to except a debt from discharge without complying with the statutory requirements of 11 U.S.C. §524(c) related to reaffirmation agreements.

Hickory Point Bank timely filed a brief in support of the Joint Stipulation. The Debtor did not file anything in support of the Joint Stipulation. The matter is now ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). The determination of the dischargeability of a particular debt is a core proceeding. 28 U.S.C. §157(b)(2)(I). This matter arises from the Debtor's bankruptcy itself and from the provisions of the Bankruptcy Code and may therefore be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

## III. Legal Analysis

Federal Rule of Bankruptcy Procedure 7001 provides that the determination of the dischargeability of a debt is an adversary proceeding. Fed. R. Bankr. P. 7001(6). An adversary proceeding is commenced by the filing of a complaint. *See* Fed. R. Bankr. P. 7003; Fed. R. Civ. P. 3. A complaint to determine the dischargeability of a debt based on fraud or other debtor misconduct generally must be filed by the creditor to whom such debt is owed within 60 days after the first date set for the meeting of creditors. 11 U.S.C. §523(c); Fed. R. Bankr. P. 4007(c). The time for filing a dischargeability complaint may be extended for cause, but the extension must be sought by motion filed before any previously set deadline has expired. Fed. R. Bankr. P. 4007(c).

Read together, §523(c) and Rules 4007(c), 7001(6), and 7003 make clear that, in order for the Court to make a dischargeability determination, an adversary proceeding must be commenced by the filing of a complaint. *See also United States*

*Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272, 276-78 (2010) (explaining that confirming a Chapter 13 plan that provided for the discharge of student loan debt under §523(a)(8) without making a determination on dischargeability in an adversary proceeding, though not void, was legal error)*; In re Miller*, 228 B.R. 203, 207 (Bankr. N.D. Ill. 1999). Absent the filing of a timely complaint, the court lacks authority to make a determination of dischargeability. *See In re Davis*, 330 B.R. 606 (Bankr. E.D. Tenn. 2005) (refusing to enter consent decree in main case when a timely complaint was not filed).

The requirement of filing an adversary complaint to obtain a judgment regarding the dischargeability of a particular debt is important. Complaints must state a recognizable cause of action. Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(6). Even when a defendant fails to respond to an adversary complaint, a court is not obligated to enter the judgment requested by the plaintiff but, rather, has a duty to determine whether the plaintiff is actually entitled to the relief sought. *In re Marquardt*, 561 B.R. 715, 721 (Bankr. C.D. Ill. 2016) (citations omitted). Likewise, parties to a pending adversary proceeding may agree to entry of a stipulated judgment as to the dischargeability of a debt, but that too is contingent upon the adversary complaint actually stating a recognizable cause of action upon which the determination can be made. *See Espinosa*, 559 U.S. at 278; *Davis*, 330 B.R. at 611. Courts must ensure that creditors do not coerce settlements or obtain default judgments from cash poor consumers. *Marquardt*, 561 B.R. at 721. Approving a stipulation that a debt is nondischargeable when no cause of action has been stated and not even the barest of facts in support of such relief have been pled is simply not a proper exercise of this Court's authority.

Parties cannot insist that a court rubber stamp their agreements without regard to the requirements of substantive and procedural law.

A creditor seeking to have a debt owed to it excepted from discharge can avoid the requirement of filing an adversary complaint only if the debtor agrees to execute and file a reaffirmation agreement. Section 524(c) provides that such an agreement to repay a debt entered into between the "holder of a claim and the debtor, the consideration for which . . . is based on a debt that is dischargeable" may only be enforced if certain requirements are met. 11 U.S.C. §524(c). By entering into a reaffirmation agreement with a creditor, a debtor voluntarily elects to be obligated to repay a presumably dischargeable debt notwithstanding receiving a discharge. *In re Golladay*, 391 B.R. 417, 420-21 (Bankr. C.D. Ill. 2008). But, "[i]n order for a reaffirmation agreement to be valid and enforceable, it must strictly comply with all of the requirements set forth in §524(c)." *Id.* at 421. Those requirements are intended to protect debtors from compromising their "fresh start" by making uninformed decisions to enter into reaffirmation agreements, and, for that reason, they are rigidly enforced. *In re Turner*, 156 F.3d 713, 715 (7th Cir. 1998); *In re Duke*, 79 F.3d 43, 44 (7th Cir. 1996). Among the requirements for reaffirmation agreements is that they must be "made" before the granting of the discharge, they must be filed with the court along with a declaration that the agreement was negotiated fairly and voluntarily, and the debtor must receive certain disclosures. 11 U.S.C. §524(c), (d), (k); Fed. R. Bank. P. 4008.

Here, no adversary proceeding has been commenced to determine the dischargeability of Hickory Point Bank's debt, and no reaffirmation agreement has been filed. The combination of these two factors should foreclose Hickory Point

Bank from obtaining the relief it now seeks. Still, Hickory Point Bank requests this Court enter an order stating that the debt owed to it is nondischargeable pursuant to its agreement with the Debtor. Notwithstanding the unambiguous requirements of §§523(c) and 524(c), and Rules 4007(c), 4008, 7001(6), and 7003, Hickory Point Bank contends that this Court has broad discretion to approve the Joint Stipulation and issue an order excepting its debt from the Debtor's discharge.

Hickory Point Bank relies on §727(a), which provides, in part, that "[t]he court shall grant the debtor a discharge unless . . . the court approves a written waiver of discharge executed by the debtor after the order for relief under [Chapter 7.]" 11 U.S.C. §727(a)(10). Rule 4004(c)(1)(C), in turn, provides that the court shall not grant a discharge if "the debtor has filed a waiver under §727(a)(10) . . . ." Fed. R. Bankr. P. 4004(c)(1)(C). There is no question that §727(a)(10) applies to the granting of a general discharge; a waiver under that section is identified as one of the circumstances where a court will not grant the debtor a discharge. 11 U.S.C. §727. But Hickory Point Bank suggests that the provision may also be construed to allow for a waiver of discharge as to a specific debt only.

Hickory Point Bank cites *In re Mapother*, 53 B.R. 433 (Bankr. W.D. Ky. 1985), as an example of one court approving a waiver of discharge as to a specific debt. And, of course, other courts have interpreted §727(a)(10) as allowing a partial waiver of the debtor's general discharge. *See In re Blair*, 534 B.R. 787, 791 n.5 (Bankr. D.N.M. 2015)*; In re Lichtenstein,* 161 Fed. Appx. 461 (6th Cir. 2005). But the majority of courts, including those in this circuit, have observed that §727(a)(10) is limited to waiver of a debtor's general discharge granted under §727

and does not provide authority for waiving the discharge of specific debts. *See In re Windeshausen*, 546 B.R. 798, 805 (Bankr. W.D. Wis. 2016); *In re Sasse*, 438 B.R. 631, 646 (Bankr. W.D. Wis. 2010); *In re Cole*, 226 B.R. 647, 653 (B.A.P. 9th Cir. 1998); *In re Schraiber*, 117 B.R. 925, 934 (Bankr. N.D. Ill. 1990); *In re Leiter*, 109 B.R. 922, 926 (Bankr. N.D. Ind. 1990); *Klingman v. Levinson (In re Levinson)*, 58 B.R. 831, 837 (Bankr. N.D. Ill. 1986), *aff'd,* 66 B.R. 548 (N.D. Ill.), *aff'd,* 831 F.2d 1292 (7th Cir. 1987). This Court agrees that §727(a)(10) only applies to the general discharge granted under §727.[1]

If §727(a)(10) could be used to waive the discharge of a specific debt, then the requirements for reaffirmation agreements under §524(c) would be meaningless. A waiver under §727(a)(10) needs only to be in writing, signed by the debtor after the petition is filed, and approved by the court. *Levinson*, 58 B.R. at 836-37. Neither §727(a)(10) nor any other Code section or Rule sets forth any standard for approval. *In re Eliscu*, 163 B.R. 335, 340 (Bankr. N.D. Ill. 1994) (citing *Chilcoat v. Minor (In re Minor)*, 115 B.R. 690, 693 (D. Colo. 1990); *In re Leiter*, 109 B.R. 922, 926 (Bankr. N.D. Ind. 1990)). Section 524(c), on the other hand, lays out extensive requirements for approval that demand strict compliance. *Golladay*, 391 B.R. at 421. "A debtor and creditor should not be permitted to use section 727(a)(10) to avoid the reaffirmation provisions." *Minor*, 115 B.R. at 693 (citing 4 *Collier on Bankruptcy* ¶727.12 at 727-88 to 89 (L. King 15th ed. 1990)). Clearly, if a debtor and creditor wish to settle the issue of dischargeability of a

---

[1] Significantly, even if the Court were to accept Hickory Point Bank's assertion that §727(a)(10) provides authority for waiving discharge of a particular debt, the parties' Joint Stipulation does not comply with the requirement that the waiver be executed and filed by the debtor. 11 U.S.C. §727(a)(10); Fed. R. Bankr. P. 4004(c)(1)(C). The Joint Stipulation, although filed, contains the electronic signature of the Debtor's attorney but not the signature of the Debtor.

specific debt without filing an adversary complaint, then they must do so through a reaffirmation agreement that strictly complies with the provisions of §524(c).

To that end, Hickory Point Bank argues, in the alternative, that the Court should approve its Joint Stipulation because it is "not far from" and "closely resembles" an agreement meeting the requirements of §524(c). But the Joint Stipulation does not even come close to complying with the statutory requirements for an enforceable reaffirmation agreement. The Joint Stipulation contains none of the disclosures or information required to create an enforceable reaffirmation agreement and was not filed as required by the Rules. 11 U.S.C. §524(c), (d), (k); Fed. R. Bankr. P. 4008. Hickory Point Bank attempts to overcome those obstacles by suggesting that the Court has not seen its full agreement with the Debtor and asks the Court to trust it that what was not filed complies with all of the statutory requirements. Hickory Point Bank does not explain, however, how such an argument can be seriously considered when one of the specific requirements of creating an enforceable agreement is that it actually be filed. Fed. R. Bank. P. 4008. The provisions of the Code and Rules are rigidly enforced and strict compliance is required to create an enforceable reaffirmation agreement. Hickory Point Bank has made no credible argument that the one paragraph Joint Stipulation, signed by the Debtor's attorney but not by the Debtor, complies with the provisions of the Code and Rules related to reaffirmation agreements.

## IV. Conclusion

There are only two ways by which a debt of the type described in §523(c) can be excepted from a debtor's discharge. First, by entry of judgment on a

complaint to determine the dischargeability of a specific debt, or, second, through a reaffirmation agreement that strictly complies with the requirements of §524(c). Allowing debtors to use §727(a)(10) to waive discharge as to a specific debt would nullify the provisions of §§523(c), 524(c), (d), (k) and Rules 4008, 7001(6), and 7003. As such, §727(a)(10) cannot be construed as providing an alternate method of excepting a specific debt from a debtor's general discharge. Because Hickory Point Bank has neither filed a complaint to determine the dischargeability of its debt nor filed a reaffirmation agreement that conforms to the statutory requirements, the Joint Stipulation cannot be approved, and the Court will not enter the judgment order requested.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###